DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal and cross-appeal from a judgment of the Lucas County Court of Common Pleas that found in favor of appellant/cross-appellee Renee Mullins ("appellant"), awarding her $8,000 in damages on her complaint resulting from an automobile accident with appellee/cross-appellant Matthew Inderbitzen ("appellee"). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Renee Mullins sets forth the following assignments of error:
 {¶ 3} "I. The court erred in denying plaintiff's motion for new trial.
 {¶ 4} "II. That the trial court erred in not granting the plaintiff's motions in limine related to unrelated medical facts and unrelated fall.
 {¶ 5} "III. The court erred in its instructions to the jury that:
 {¶ 6} "(1) The interrogatories are not admissible;
 {¶ 7} "(2) The interrogatories were `in the court file;'
 {¶ 8} "(3) Plaintiff's attorney prepared them; and
 {¶ 9} "(4) That written interrogatories were not admitted into evidence was immaterial."
 {¶ 10} This case was filed on September 19, 2000, as a result of an automobile accident in which appellant Renee Mullins was injured. Appellant filed her complaint against appellee Matthew Inderbitzen, the tortfeasor; Nationwide Insurance, appellant's automobile insurance carrier; and Medical Mutual of Ohio, her medical insurance provider. Both insurance companies claimed rights of subrogation and filed motions for summary judgment which were granted. Medical Mutual of Ohio was subrogated to the rights of appellant, to be reimbursed by appellant in the amount of $15,043.07 from any proceeds recovered from a judgment against, or settlement with, appellee. Prior to trial, appellant filed several motions in limine asking the trial court to prohibit the introduction of evidence as to certain prior medical injuries and conditions she suffered. Those motions were denied. On February 27, 2003, the jury returned a verdict in favor of appellant in the amount of $8,000. The jury found in favor of appellant's minor children and husband, who were also named plaintiffs, but did not award damages. By judgment entry filed March 11, 2003, the trial court assessed costs to appellant.
 {¶ 11} On March 5, 2003, appellant filed a motion for a new trial, which the trial court denied on April 14, 2003. On March 14, 2003, appellant filed a motion for nunc pro tunc entry in which she asserted that since she was the prevailing party, Inderbitzen should bear the costs of the case. On March 20, 2003, the trial court signed an order restating the original judgment but ordering that appellee pay costs.
 {¶ 12} On August 21, 2003, appellee Inderbitzen filed a motion for leave to file a cross-appeal, which this court granted.
 {¶ 13} In her first assignment of error, appellant asserts that the trial court erred by denying her motion for a new trial. Appellant argues that the jury verdict is an irregularity because of the discrepancy between the $8,000 award and the larger amount appellant was ordered to reimburse Medical Mutual of Ohio. She further argues that the jury verdict is inadequate, against the weight of the evidence and contrary to law.
 {¶ 14} Appellant claims that the verdict is an irregularity pursuant to Civ.R. 59(A)(1) in light of the fact that Medical Mutual of Ohio was granted summary judgment in an amount of $15,043.07 while the jury awarded appellant only $8,000. Civ.R. 59(A)(1) provides a trial court with discretion to grant a new trial when an irregularity in a court proceeding prevents a party from having a fair trial. This discretion preserves the integrity of the judicial system where the presence of serious irregularities in a proceeding could have a material adverse effect on the character of and public confidence in judicial proceedings. See, e.g., Koch v. Rist (2000), 89 Ohio St.3d 250;Meyer v. Srivastava (2001), 141 Ohio App.3d 662. Appellant has not shown how granting summary judgment in favor of Medical Mutual of Ohio constituted an irregularity that prevented her from having a fair trial and, accordingly, this argument is without merit.
 {¶ 15} Appellant next argues, pursuant to Civ.R. 59(A)(4), that she was entitled to a new trial because the jury awarded inadequate damages.
 {¶ 16} A trial court shall not award a new trial on the basis of inadequate damages unless the moving party is able to establish that the verdict resulted from passion and prejudice which led to the jury's assessment of the damages being "so overwhelmingly disproportionate as to shock reasonable sensibilities." Pena v. Northeast Ohio Emergency Affiliates,Inc. (1995), 108 Ohio App.3d 96, 104. The size of a verdict, without more, is insufficient to prove passion or prejudice.Weidner v. Blazic (1994), 98 Ohio App.3d 321, 334-35. There must be something significant in the record that the complaining party can point to that wrongfully inflamed the sensibilities of the jury. Shoemaker v. Crawford (1991), 78 Ohio App.3d 53, 65.
 {¶ 17} Appellant states that appellee offered no evidence to refute her injuries or the reasonableness of her medical expenses. However, evidence tending to prove a fact is not necessarily uncontroverted or uncontested simply because an opposing party does not present rebuttal evidence. See, e.g.,Collins v. Collins (Oct. 15, 2001), Clinton App. No. CA2000-09-023; Glick's Furniture v. Franklin Cty. Bd. ofRevision (Mar. 18, 1997), Franklin App. No. 96APH07-847. A party may contest proffered evidence through cross-examination, which is what appellee did in this case. See Stinson v. England
(1994), 69 Ohio St.3d 451, 455-56; Stancil v. Vasiloff (Sept. 26, 2001), Summit App. No. 20434. Further, when an opposing party does not rebut proffered evidence with its own evidence, the trier of fact is not required to accept the proffered evidence as credible. GTE North, Inc. v. Carr (1993), 84 Ohio App.3d 776,780, fn. 3; State v. Caldwell (1992), 79 Ohio App.3d 667, 680. It is the role of the trier of fact to weigh the testimony and credibility of witnesses, and resolve disputes of fact. Bechtolv. Bechtol (1990), 49 Ohio St.3d 21, 23.
 {¶ 18} Contrary to appellant's assertions, the evidence in this case was not uncontroverted or unrebutted. Nor was there any uncontroverted evidence that the jury failed to consider in its award of damages. The case went to trial so that the jury could determine which of appellant's medical expenses were reasonable and necessary as a result of the auto accident. It was the role of the jury to weigh the evidence and determine which witnesses were credible. There was competent, credible evidence in the record to support the jury's award of damages and, further, appellant has not demonstrated that the jury was influenced by passion or prejudice. Accordingly, the trial court did not abuse its discretion by failing to grant appellant a new trial on the basis of inadequate damages.
 {¶ 19} Appellant further argues that a new trial should have been granted pursuant to Civ.R. 59(A)(6) and (7). A judgment entered on a verdict may be set aside and a new trial granted pursuant to Civ.R. 59(A)(6) and (7) on the grounds that the verdict and judgment are against the weight of the evidence and contrary to law when the inadequacy of the verdict is so gross as to shock the sense of justice and fairness, or the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or it is apparent that the jury failed to include all the items of damages comprising a plaintiff's claim. Iames v.Murphy (1995), 106 Ohio App.3d 627.
 {¶ 20} The trial court's standard for ruling on a motion for a new trial on the basis of Civ.R. 59(A)(6) is to review and evaluate the credibility of the witnesses and the weight of the evidence in general. The court must decide whether the verdict is contrary to the weight of the evidence, not merely a difference of opinion. If the court finds that the judgment is not supported by the evidence, it must then determine whether, in its discretion, a new trial is warranted to prevent a miscarriage of justice. Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus; Poske v. Mergl (1959), 169 Ohio St. 70,73-74; Verbon v. Pennese (1982), 7 Ohio App.3d 182, 183. On appeal, this court will reverse the trial court's determination only upon a showing that the court abused its discretion. Malonev. Courtyard by Marriott, L.P. (1996), 74 Ohio St.3d 440, 448. Based upon the evidence adduced in this case, we are unable to find that the verdict was against the weight of the evidence and that the trial court's denial of the motion for a new trial on that basis was an abuse of discretion. Accordingly, this argument is without merit.
 {¶ 21} As to the issue of whether the verdict was contrary to law under Civ.R. 59(A)(7), appellant states only that "the jury did not consider the elements of damage despite the admission of negligence," with no further argument in support of this claim. This court is unable to ascertain exactly what appellant is attempting to assert by the foregoing statement and, therefore, this argument is found to be without merit.
 {¶ 22} Based on our examination of the record of proceedings in the trial court and the law as summarized above, we find that the trial court's denial of appellant's motion for a new trial was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 23} In her second assignment of error, appellant asserts that the trial court erred by not granting the motions in limine in which she asked the court to prohibit appellee from introducing evidence of injuries she received which she asserts were unrelated in any way to the injuries she suffered as a result of the 1997 automobile accident.
 {¶ 24} This court does not directly review the rulings on motions in limine. A pretrial ruling on such a motion is a preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial. State v. Grubb
(1986), 28 Ohio St.3d 199, 201, 202; McCabe/Marra Co. v. Dover
(1995), 100 Ohio App.3d 139, 160. The denial of a motion in limine does not preserve any error for review. State v. Hill
(1996), 75 Ohio St.3d 195, 202-203. Thus, the evidence at issue must be presented at trial, and a proper objection made, in order to preserve the error for appeal. State v. Brown (1988),38 Ohio St.3d 305, paragraph three of the syllabus. By failing to raise the issues advanced in the motion in limine, the objecting party waives the right to raise the same on appeal. Grubb, supra, at 203.
 {¶ 25} Our review of the record shows that appellant failed to renew during trial any of the objections to certain medical testimony that were set forth in her motions in limine. Appellant implies that counsel did not object to any of the testimony at trial because counsel knew what the outcome would be, and further asserts that raising an objection would have called the jury's attention to the very subject matter appellant believed was prejudicial. This court finds, however, that by failing to renew any objections to the disputed evidence appellant waived the right to appeal the trial court's rulings on the motions. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 26} In support of her third assignment of error, appellant asserts that she was prejudiced by certain remarks made by the trial court with regard to interrogatories. During cross-examination, defense counsel asked appellant about her responses to two particular questions that had been submitted to her in the form of interrogatories in April 2000. At that time, appellant's counsel asked defense counsel to clarify the date of the interrogatories and said he had never seen them. There was no further mention of the interrogatories until closing arguments when appellant's counsel stated that there were no interrogatories in the record. Defense counsel objected to the statement and added that the interrogatories, which had been served when this case was originally filed in Wood County, Ohio, were extrinsic evidence which could not have been admitted. The trial court then interjected the following:
 {¶ 27} "* * * Interrogatories are a form of what we in the legal business call discovery. Each side can do certain things to find out about each other's case. Interrogatories are written questions that are proposed to the other side that are answered under oath and filed with the Court. They may be used, as they were in this case, to challenge a witness's testimony. They are what they are, and you're to rely on your recollection as to the testimony regarding those documents. The fact that those actual written interrogatories were not admitted into evidence is immaterial based upon your view of what the evidence regarding prior questions and answers were. Go ahead."
 {¶ 28} Appellant's counsel objected to the trial court's comments and the court responded that "[t]he interrogatories were prepared by you." Counsel denied having prepared them or ever having seen them and the trial court stated that they were in the court file and that they had been answered. Appellant now asserts that the trial court's statement that the interrogatories were in the file tainted the jury. She argues that the trial court interrupted final argument to tell the jury that the interrogatories existed and that her counsel knew they did, which amounted to calling counsel a liar for stating that he had not seen them.
 {¶ 29} Appellant also asserts that the trial court instructed the jury that interrogatories are not admissible. The trial court did not make such a statement, although it did state that the interrogatories in this case were not admitted into evidence. This argument is without merit.
 {¶ 30} Appellant takes exception to the trial court's statement that the interrogatories were in the court file and that counsel had prepared them. Appellant argues that the trial court's comments led the jury to conclude that counsel was "hiding, altering and/or manufacturing evidence and perpetrating a fraud on the judge and jury." It appears to this court that appellant is attaching much more significance to the trial court's brief statements than is warranted. It is possible that the trial court misspoke when it stated that appellant's counsel had prepared the interrogatories, since appellant had been represented by other counsel when the case was originally filed, but that comment, along with the statement that they were in the file, was not sufficient to lead the jury to believe that counsel was perpetrating a fraud on the court or any such thing. It appears that the trial court simply was attempting to explain to the jury what interrogatories are since the subject had been raised in their presence. We find that appellant has not shown how she was prejudiced by the trial court's statements and, accordingly, this assignment of error is not well-taken.
 {¶ 31} On cross-appeal, appellee asserts the following assignment of error:
 {¶ 32} "The trial court erred in granting court costs to plaintiff Renee Mullins."
 {¶ 33} Specifically, appellee argues that the trial court should not have granted appellant's motion for nunc pro tunc entry in which she asserted that the trial court erred by assessing costs to her. Appellee asserts that he was the prevailing party at trial because the jury awarded appellant only $8,000 in damages after he had made an offer of $47,000 prior to trial, and that costs therefore should have been assessed to appellant. In the alternative, appellee argues that the trial court should assess four-fifths of the costs to appellant and only one-fifth to him since there were five plaintiffs and the jury awarded damages to just one of them. This argument fails, however, because the jury's verdict clearly indicates that, while the jury did not award damages to appellant's four children, it nevertheless found in their favor. Ultimately, appellant prevailed in this matter and costs were properly assessed to appellee. While appellee also argues that the trial court improperly used a nunc pro tunc order to modify a prior judgment entry to reflect a revised conclusion, we find no evidence that the trial court was doing anything other than correcting a clerical error in its first judgment entry which had led to the incorrect assessment of costs.
 {¶ 34} Based on the foregoing, appellee's sole assignment of error on cross-appeal is found not well-taken.
 {¶ 35} Upon consideration of the foregoing, this court finds that substantial justice was done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to the parties equally.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J. and ArleneSinger, J. concur.