OPINION
{¶ 1} Defendant-appellant, Teresa Simpson, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, denying her request for spousal support from appellee, Ronald Simpson. For the reasons that follow, we reverse the trial court's decision and remand this matter to the trial court for consideration of appellant's spousal support claim.[1]
 {¶ 2} The parties were married on June 24, 1978, and over the course of their marriage, accumulated minimal assets. On July 7, 2005, appellee filed a complaint for divorce on the basis of incompatibility. Appellant, in turn, filed a counterclaim for divorce on the same basis. The trial court held a final divorce hearing on November 8, 2005, and thereafter, issued a final divorce decree finding both parties entitled to a divorce based upon incompatibility.
 {¶ 3} While both parties agreed to a distribution of property, they contested the issue of appellant's entitlement to spousal support. Appellee's sole source of income consists of Social Security retirement benefits amounting to $1,209.80 per month, while appellant's income is comprised of Supplemental Security Income benefits amounting to $386 per month, plus minimal additional sums earned from sewing jobs. In ruling upon appellant's request for spousal support, the trial court determined that federal law prohibits an order of spousal support where the prospective obligor's only source of income is that of Social Security retirement benefits. As a result, the trial court summarily denied appellant's spousal support claim. Appellant appeals the trial court's decision, raising a single assignment of error.
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY HOLDING THAT 42 U.S.C. § 407 PRECLUDES THE COURT FROM ORDERING SPOUSAL SUPPORT FROM AN OBLIGOR WHOSE SOLE SOURCE OF INCOME CONSISTS OF SOCIAL SECURITY BENEFITS."
 {¶ 5} In her sole assignment of error, appellant argues that the trial court incorrectly determined federal law prohibits an order of spousal support where the prospective obligor's sole source of income consists of Social Security retirement benefits. Appellant submits that the trial court did not base its rejection of her claim on the evidence adduced at the final divorce hearing, but rather, simply concluded in error that it was prevented from ordering spousal support pursuant to federal law prohibiting the division of Social Security retirement benefits. We find the trial court erred in this regard.
 {¶ 6} Pursuant to R.C. 3105.18(B), a trial court "may award reasonable spousal support to either party" in a divorce proceeding, "upon the request of either party and after the court determines the division or disbursement of property" pursuant to R.C. 3105.171. A trial court is vested with broad discretion in determining whether to award spousal support, as well as the nature, amount and manner of support payments. See Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, 414. Accordingly, on appeal, a reviewing court is limited to determining whether the trial court abused its discretion in its order concerning spousal support. SeeBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. An abuse of discretion connotes more than an error of law or judgment, and implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Id. at 219.
 {¶ 7} In determining whether spousal support is appropriate and reasonable, a trial court must consider all of the factors set forth in R.C. 3105.18(C)(1), including:
 {¶ 8} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 9} "(b) The relative earning abilities of the parties;
 {¶ 10} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 11} "(d) The retirement benefits of the parties;
 {¶ 12} "(e) The duration of the marriage;
 {¶ 13} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 14} "(g) The standard of living of the parties established during the marriage;
 {¶ 15} "(h) The relative extent of education of the parties;
 {¶ 16} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 17} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 18} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 19} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 20} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 21} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 22} In determining whether to award a claimant spousal support, a trial court must consider all of these factors "and not base its determination upon any one * * * taken in isolation." See Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 96; see also Gregory v.Kottman-Gregory, Madison App. Nos. CA2004-11-039, CA2004-11-041,2005-Ohio-6558. Further, a trial court "must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."Kaechele at 97. Notably, with respect to the first factor concerning the parties' income, Ohio courts have found that a trial court may consider pension and retirement benefits such as Social Security retirement benefits in considering the propriety and amount of spousal support. SeeCardone v. Cardone (May 6, 1998), Summit App. No. 18349; see alsoLindsay v. Curtis (1996), 115 Ohio App.3d 742, 746; Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 178-179, 180.
 {¶ 23} In this case, the record demonstrates that trial court did not determine whether an award of spousal support was appropriate and reasonable based upon the foregoing factors. Rather, the trial court cited to federal law in concluding that it is prohibited from even considering a claimant's request for spousal support where the prospective obligor's only source of income is comprised of Social Security retirement benefits. Specifically, the court focused upon Section 407(a), Title 42, U.S. Code, providing that Social Security retirement benefits "shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." Because appellee's income is comprised in its entirety of Social Security retirement benefits, the trial court found that any spousal support awarded to appellant would be tantamount to a division of such benefits in violation of Section 407. We find the trial court's reliance on this statute in rejecting appellant's spousal support claim is misplaced.
 {¶ 24} As stated, a trial court must consider the statutory factors set forth in R.C. 3105.18(C)(1) in determining whether to award spousal support to a claimant who has requested it. SeeKottman-Gregory. We recognize that the respective incomes of the parties are one factor the court must consider in its analysis. See R.C.3105.18(C)(1)(a). Here, appellee is currently receiving Social Security retirement benefits, which may properly be characterized as income, albeit his sole source of income. While federal law may prohibit a trial court from attaching Social Security retirement benefits incident to a divorce proceeding, a trial court may still consider such benefits as part of a party's income in determining whether spousal support is appropriate and reasonable in light of all other statutory factors. SeeNeville v. Neville, 99 Ohio St.3d 275, 276-277, 2003-Ohio-3624; see alsoHoyt, 53 Ohio St.3d at 178-179, 180.
 {¶ 25} In fact, even in property distribution cases, the Ohio Supreme Court has held that, while a trial court may not divide Social Security retirement benefits, a court, "in seeking to make an equitable distribution of marital property, may consider the parties' future Social Security benefits in relation to all marital assets." SeeNeville at 276-277. Further, with respect to spousal support arrearages, the United States Congress has expressed that federal benefits, such as Social Security retirement benefits, may be subject to legal process to enforce spousal support obligations. See Section 659(a), Title 42, U.S. Code ("Notwithstanding any other provision of law (including section 407 of this title * * *), * * * moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia * * *to any individual, * * * shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, * * * to * * * legal process brought * * * by an individual obligee, to enforce the legal obligation of the individual to provide * * * alimony").
 {¶ 26} It follows that a claimant's request for spousal support must be afforded the requisite consideration by a trial court, notwithstanding that the prospective obligor's income is derived from Social Security retirement benefits. Because the trial court in this case did not consider whether appellant was entitled to spousal support based upon the factors set forth in R.C. 3105.18(C)(1), we find the trial court abused its discretion. Appellant's sole assignment of error is therefore sustained.
 {¶ 27} Judgment reversed and remanded.
WALSH, P.J. and BRESSLER, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.