[Cite as *Nwafo v. Ugwualor*, 2024-Ohio-189.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| GOLIBE NWAFO, | : | |
| Appellee, | : | CASE NO. CA2023-05-055 |
| | : | O P I N I O N |
| - vs - | | 1/22/2024 |
| | : | |
| CHRISTIAN UGWUALOR, | : | |
| Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 20080495

Link Nestheide Family Law, and Diana M. Link; and Durst Kerridge Khatskin, LLP, and Alexander J. Durst and Paul R. Kerridge, for appellee.

Caparella-Kraemer & Associates, LLC, and Bradley M. Kraemer, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Christian Ugwualor ("Husband"), appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 59(A) motion for a new trial in these highly contentious divorce proceedings that originated when appellee, Golibe Nwafo ("Wife"), filed for divorce on the grounds of incompatibility, neglect, and adultery. For the reasons outlined below, we affirm the domestic relations court's

decision denying Husband's new trial motion.

**Facts and Procedural History**

{¶ 2} Husband and Wife, both of whom are doctors, were married on May 28, 2006, in Enugu, Nigeria. There were two children born issue of the marriage, twin boys, Zinachi and Zikora, born on October 20, 2010. Wife filed for divorce from Husband on August 3, 2020. Due to several delays, which the domestic relations court once noted were "highly unusual and largely due" to Husband's own conduct, including Husband's "failure to participate in discovery," the matter proceeded to three-day final divorce hearing that took place over the course of more than a year on June 8, 2021, July 26, 2021, and July 28, 2022.

{¶ 3} During this hearing, the domestic relations court heard testimony and took evidence from both Husband and Wife regarding their various assets, both marital and separate. These assets included, among other things, Husband's seemingly random banking and investment accounts, as well as Husband's and Wife's annual incomes as doctors. These assets also included Husband's and Wife's ownership interests in real property located in both the United States and Nigeria.[1] Although oftentimes proceeding pro se, there is no dispute that Husband was represented by counsel at the final, July 28, 2022 hearing date and that, as Husband notes within his appellate brief, he "got his day in court."

{¶ 4} On November 7, 2022, the domestic relations court issued a decree of divorce finding Wife was entitled to a divorce from Husband on the grounds of gross neglect of duty. Within that decree, the domestic relations court also ordered Husband to pay Wife the sum of $815,603.05 as a property equalization payment, as well as $8,000 per month in spousal

---

1. We note that, as stated in the record, Husband is currently under federal investigation for various financial crimes.

support, and $6,041.60 per month in child support. Husband did not file a notice of appeal from the divorce decree issued by the domestic relations court in accordance with App.R. 4(A)(1). Rather, on December 5, 2022, shortly after Husband retained new counsel, Husband filed a motion for a new trial pursuant to Civ.R. 59(A).

{¶ 5} To support his motion, Husband attacked his prior trial counsel for choosing, "[f]or whatever reason," to "introduce essentially no exhibits and to call no witnesses other than Husband" at the final divorce hearing. According to Husband, this resulted in certain evidence not being presented at trial, as well as "a number of factual errors" being made by the domestic relations court. These errors, according to Husband, "collectively amount[ed] to more than half a million dollars in property division errors and an over-estimate of Husband's annual income by $300,000-350,000." Husband also alleged that it was his "belief" that a certain exhibit introduced by Wife at trial, Exhibit 57, was a "forgery," thus constituting a "fraud" perpetrated by Wife upon the domestic relations court, thereby warranting a new trial be had.[2]

{¶ 6} On April 5, 2023, the domestic relations court held a hearing on Husband's motion, during which the domestic relations court heard arguments from both Husband's and Wife's respective counsel. Approximately two weeks later, on April 18, 2023, the domestic relations court issued a decision denying Husband's Civ.R. 59(A) motion for a new trial in its entirety. In so holding, the domestic relations court initially stated:

> During the pendency of this divorce, the parties engaged in a protracted, wide-ranging, exhaustive discovery process. This Court gave great deference to [Husband] and re-opened trial on limited issues after its original Decision [was] issued [on] August 13, 2021. At trial [held on] July 28, 2022, the parties were represented by competent counsel and the attorneys were thorough in their preparation. [Husband] continues to be represented by competent counsel on the pending motion.

---

2. Exhibit 57 is a copy of blueprints of a house that Wife alleged Husband owned in Nigeria. Husband denied this. Husband instead claimed the house depicted in Exhibit 57 belonged to his mother.

**{¶ 7}** Continuing, the domestic relations court stated:

[Husband's] motion for [a] new trial utterly fails to disclose persuasive facts in support of Civil Rule 59. [Husband's] position is merely a continuation of argument and a narration of issues previously presented to this Court.

[Husband] fails to meet the threshold required concerning his contention of irregularity in the proceedings or misconduct or accident or surprise or newly discovered evidence or good cause.

At the motion hearing, counsel for [Husband] suggests there may have been irregularities in the either the (sic) proceedings or misconduct of the "prevailing party." However, the record is contrary to such claim(s). [Husband's newly retained counsel] suggests there was actual deception by [Husband's earlier] trial counsel toward [Husband,] but the evidence offered in support is less than convincing.

**{¶ 8}** Concluding, the domestic relations court stated:

A motion for a new trial is not an opportunity to discover irregularities or new evidence nor is it a proper forum to engage in a fact-finding expedition based on no more than a hunch or suspicion.

"Disagreement with a trial court's decision is not valid grounds for a new trial." *Lawson v. Lawson*, 5th Dist. Licking No. 08-CA-37, 2009-Ohio-248.

This Court finds [Husband] provided no compelling basis to support his motion for new trial.

Wherefore, [Husband's Civ.R. 59(A) motion for a new trial] is DENIED.

**{¶ 9}** On May 17, 2023, Husband filed a notice of appeal from the domestic relations court's decision. Oral argument was thereafter held before this court on December 11, 2023. Husband's appeal now properly before this court for decision, Husband has raised one assignment of error for review.

**Husband's Single Assignment of Error**

**{¶ 10}** In his single assignment of error, Husband's argues the domestic relations

- 4 -

court erred by denying his Civ.R. 59(A) motion for a new trial. To support this claim, Husband raises four issues for this court's consideration. In so doing, Husband cites four different provisions within Civ.R. 59(A) as authority. Those four provisions being Civ.R. 59(A)(1), (A)(2), (A)(8), and Civ.R. 59(A)'s unnumbered catchall provision, which provides that "a new trial may also be granted in the sound discretion of the court for good cause shown." Before addressing Father's arguments, however, this court must first set forth the applicable standard of review for a Civ.R. 59(A) motion for a new trial.

*Abuse of Discretion Standard of Review*

{¶ 11} This court applies an abuse of discretion standard of review to motions for a new trial brought pursuant to Civ.R. 59(A)(1) and (A)(2). *Nwankwo v. Uzodinma*, 12th Dist. Butler No. CA2021-08-098, 2022-Ohio-565, ¶ 39. The same is true as it relates to a motion for a new trial brought pursuant to Civ.R. 59(A)(8) and, given the plain language of the rule, to motions for a new trial based upon Civ.R. 59(A)'s unnumbered catch-all provision. *Gregory v. Kottman-Gregory*, 12th Dist. Madison Nos. CA2004-11-039 and CA2004-11-041, 2005-Ohio-6558, ¶ 25; *Jones v. Cleveland Clinic Found.*, 161 Ohio St.3d 337, 2020-Ohio-3780, ¶ 33. "An abuse of discretion in ruling on a motion for a new trial connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court." *Martin v. Abubakar Atiq Durrani*, 12th Dist. Butler Nos. CA2016-01-022 and CA2016-01-023, 2016-Ohio-5472, ¶ 10, citing *Domestic Linen Supply & Laundry Co. v. Kenwood Dealer Group, Inc.*, 109 Ohio App.3d 312, 325 (12th Dist.1996). "'A decision is unreasonable where it is not supported by a sound reasoning process.'" *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 46, quoting *Colosseo USA, Inc. v. Univ. of Cincinnati*, 1st Dist. Hamilton No. C-180223, 2019-Ohio-2026, ¶ 16.

*Civ.R. 59(A)(1) Motion for a New Trial*

**{¶ 12}** Husband initially argues the domestic relations court erred by denying him a new trial pursuant to Civ.R. 59(A)(1). We disagree.

**{¶ 13}** Civ.R. 59(A)(1) "provides a trial court with discretion to grant a new trial when an irregularity in a court proceeding prevents a party from having a fair trial." *In re Ament*, 142 Ohio App.3d 302, 311 (12th Dist.2001). Specifically, Civ.R. 59(A)(1) allows a trial court to exercise its discretion and order a new trial in circumstances where there was an "[i]rregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial[.]" "This discretion preserves the integrity of the judicial system where the presence of serious irregularities in a proceeding could have a material adverse effect on the character of and public confidence in judicial proceedings." *Mullins v. Inderbitzen*, 6th Dist. Lucas No. L-03-1121, 2004-Ohio-1658, ¶ 14. "Such an irregularity is any matter 'as constitutes a departure from the due, orderly and established mode of proceeding therein, where a party, with no fault on his part, has been deprived of some right or benefit otherwise available to him.'" *Meyer v. Srivastava*, 141 Ohio App.3d 662, 667 (2d Dist.2001), quoting *Sherwin-Williams Co. v. Globe Rutgers Fire Ins. Co.*, 20 Ohio C.C.(N.S.) 151, 154 (8th Cir.1912); *Cullimore v. Cullimore*, 4th Dist. Hocking No. 21CA7, 2022-Ohio-3208, ¶ 46.

**{¶ 14}** Husband, although alleging in his appellate brief that there were "multiple irregularities" that resulted in him not receiving a fair trial, advances only one so-called "irregularity" that he believes necessitated him receiving a new trial pursuant to Civ.R. 59(A)(1). That being, the domestic relations court proceeding on with the July 26, 2021 hearing date even after Husband notified the court that he would be unable to attend that

day's hearing due to his purported suffering from COVID-19 related symptoms.[3]  Husband argues this was improper and entitles him to a new trial when considering, at that the July 26, 2021, Wife presented testimony and evidence regarding his annual income and various other financial accounts, which, because he was proceeding pro se, deprived him of the opportunity to cross-examine Wife.

{¶ 15} Husband, however, never moved the domestic relations court for a new trial on that basis.  Husband instead attacked his prior trial counsel's performance and decisions in how counsel would ultimately present his case.  "It is well-established that a party cannot raise new issues or legal theories for the first time on appeal."  *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 17.  Therefore, because this issue was not raised by Husband as part of his motion for a new trial, we need not consider this issue for the first time on appeal.  *See, e.g., A N Bros. Corp. v. Total Quality Logistics, LLC*, 12th Dist. Clermont No. CA2015-02-021, 2016-Ohio-549, ¶ 43 (argument advanced by appellant on appeal requesting a judgment be reversed and remanded for a new trial was waived where that argument was not raised as part of appellant's motion for a new trial).

{¶ 16} Regardless, even if Husband had raised this as an issue as part of his motion for a new trial, which he did not, the record indicates Husband never moved for a continuance of the July 26, 2021 hearing date.  Moreover, while it may be true Husband

---

3. The record contains troubling evidence indicating Husband, who, as noted previously, is a doctor, was working at a hospital both the day before and the day after the July 26, 2021 hearing took place.  This means Husband was either being untruthful when he notified the domestic relations court that he was suffering from COVID-19 related symptoms on the morning of July 26, 2021, or that he decided to unnecessarily endanger the lives of his patients, his colleagues, and the visitors at the hospital in which he worked by potentially exposing them to COVID-19.  We find the former far more likely given that Husband had already once feigned illness during the initial June 8, 2021 hearing date almost immediately after Wife's trial counsel began asking Wife about Husband's various bank accounts.  Upon hearing Husband's complaints of feeling ill, which included Husband alleging that he was "freezing" and "nauseous," the trial court stopped the proceedings and continued the matter to July 26, 2021.  The record indicates that Husband then immediately left the courthouse and, rather than going home or to the hospital to seek medical attention, went to one of the many financial institutions where he had deposited funds and withdrew approximately $1.15 million through various overseas wire transfers.

was unable to cross-examine Wife at the July 26, 2021 hearing himself, Husband later obtained counsel who did cross-examine Wife at the final hearing date held on July 28, 2022. This included the opportunity for Husband's trial counsel to cross-examine Wife about her prior July 26, 2021 testimony related to Husband's annual income and various other banking and investments accounts. This was the same day that Husband also testified before the domestic relations court and, like Husband stated in his appellate brief, "got his day in court."[4]

{¶ 17} Under these circumstances, even if we were to find some error, it simply cannot be said that Husband suffered any resulting prejudice by the domestic relations court proceeding on with the July 26, 2021 hearing date without Husband in attendance. An error must be prejudicial to warrant a reversal. *Hunley v. Hunley*, 12th Dist. Clermont No. CA2019-12-101, 2020-Ohio-5053, ¶ 60. That Husband was at that time proceeding pro se does not impact this court's decision. "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21. Therefore, because Civ.R. 59(A)(1) authorizes a trial court to grant an aggrieved party a new trial only where there was an irregularity in the proceedings that prevented that party from having a "fair trial," Husband's first argument challenging the domestic relations court's decision denying him a new trial under Civ.R. 59(A)(1) lacks merit.

### Civ.R. 59(A)(2) Motion for a New Trial

{¶ 18} Husband also argues the domestic relations court erred by denying him a new trial pursuant to Civ.R. 59(A)(2). We again disagree.

---

4. We note that Husband arrived late to the final July 28, 2022 hearing date after Wife had already taken the stand and began testifying for several minutes.

{¶ 19} "Civ.R. 59(A)(2) provides that a new trial may be granted if there is misconduct by the prevailing party." *Sheffield v. Estate of Bentley*, 12th Dist. Fayette No. CA2014-12-020, 2015-Ohio-3834, ¶ 10. To support this argument, Husband claims that Wife presented "knowingly false evidence regarding a property in Nigeria that misled the court." The evidence Husband is referring to came in through Exhibit 57, which, as noted above in footnote 2, is a copy of blueprints of a house that Wife alleged Husband owned in Nigeria. But, as the record indicates, the domestic relations court was able to hear testimony and be presented with evidence regarding this property from both Husband and Wife during trial. More specifically, on the last of the three hearing dates held on July 28, 2022. This included a lengthy exchange between Husband's trial counsel and Wife directly related to Exhibit 57 and that exhibit's purported authenticity.

{¶ 20} That the domestic relations court found Wife's testimony and evidence more credible than that of Husband's does not mean that Wife engaged in any "misconduct" that would entitle Husband to a new trial. It also does not mean that Wife committed a "fraud" upon the domestic relations court by presenting the court with a "forgery" of that property's blueprints via Exhibit 57. It simply means that, when confronted with conflicting testimony and evidence regarding that particular property, the domestic relations court made a credibility determination favoring Wife. This was not error. *See Lykins v. Lykins*, 12th Dist. Clermont No. CA2022-07-034, 2023-Ohio-4469, ¶ 47 ("[s]imply because the domestic relations court believed [Wife] over [Husband] does not mean that the court legally erred or abused its discretion"). Therefore, when considering the record properly before this court, Husband's second argument challenging the domestic relations court's decision denying him a new trial under Civ.R. 59(A)(2) also lacks merit.

*Civ.R. 59(A)(8) Motion for a New Trial*

{¶ 21} Husband next argues the domestic relations court erred by denying him a new

trial pursuant to Civ.R. 59(A)(8). We disagree.

{¶ 22} Civ.R. 59(A)(8) provides that "a trial court may grant a new trial upon newly-discovered evidence that is material for the party applying, which with reasonable diligence the party could not have discovered and produced at trial." *Gregory*, 2005-Ohio-6558 at ¶ 26. To support this claim, however, Husband does not identify any newly discovered evidence, let alone any evidence that with reasonable diligence he could not have discovered and produced at trial. The evidence Husband refers to is instead evidence that was readily available to him prior to trial, or evidence that he himself requested, received, produced, or generated after the final hearing concluded on July 28, 2022. "[N]ewly discovered evidence for granting a new trial under Civ.R. 59(A)(8) cannot be evidence that did not even exist anywhere prior to trial." *Bachtel v. Bachtel*, 7th Dist. Mahoning No. 03 MA 75, 2004-Ohio-2807, ¶ 46. The test is "newly discovered," implying it existed at the time of trial, not "newly occurred." *Gregory*. "New conditions will neither change the result of a past trial nor are they material to the issues at trial." *Bachtel*.

{¶ 23} In so holding, we note that other than blaming the effectiveness of his prior trial counsel, Husband provided no explanation to the domestic relations court, or to this court, as to why this alleged "newly discovered" evidence was not produced at trial. However, while it is clear that Husband would like to shift the blame to someone other than himself, this is not a case involving legal malpractice. This is instead an appeal from the domestic relations court's decision denying a Civ.R. 59(A) motion for a new trial. "In the context of civil cases, a party may not obtain a new trial based upon an assertion that his or her attorney was ineffective." *Schmidt v. Worthington*, 5th Dist. Perry No. 11 CA 1, 2011-Ohio-4088, ¶ 22. This is because, as it is now well established, "parties in civil actions do not enjoy a constitutional right to effective representation." *Rathert v. Kempker*, 12th Dist. Clermont No. CA2010-06-043, 2011-Ohio-1873, ¶ 73. Therefore, when again considering

- 10 -

the record properly before this court, Husband's third argument challenging the domestic relations court's decision denying him a new trial under Civ.R. 59(A)(8) likewise lacks merit.

*Civ.R. 59(A)'s Unnumbered Catchall Provision*

**{¶ 24}** Husband lastly argues the domestic relations court erred by denying him a new trial pursuant to Civ.R. 59(A)'s unnumbered catchall provision, which, as noted above, provides that "a new trial may also be granted in the sound discretion of the court for good cause shown." To support this argument, however, Husband, does nothing more than reiterate the same basic arguments that we have already addressed above and rejected as meritless within our discussion of Civ.R. 59(A)(1), (A)(2), and (A)(8). Therefore, for the same reasons stated above, Husband's final argument challenging the domestic relations court's decision denying him a new trial under Civ.R. 59(A)'s unnumbered catchall provision lacks merit.

**Conclusion**

**{¶ 25}** For the reasons outlined above, and finding no merit to any of the arguments raised by Husband herein, Husband's single assignment of error lacks merit and is overruled. Accordingly, having now overruled Husband's single assignment of error, Husband's appeal challenging the domestic relations court's decision denying his Civ.R. 59(A) motion for a new trial is denied.

**{¶ 26}** Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.