SWARTZ, Appellant,

v.

SWARTZ, Appellee.

[Cite as *Swartz v. Swartz* (1996), 110 Ohio App.3d 218.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA95–05–048.

Decided April 1, 1996.

*Suttmann & Thompson* and *Patricia A. Suttmann,* for appellant.

*Ruppert, Bronson, Chicarelli & Smith, L.P.A.,* and *John D. Smith,* for appellee.

POWELL, Judge.

Plaintiff-appellant, Stanley J. Swartz, appeals from a divorce decree entered by the Warren County Court of Common Pleas, Domestic Relations Division.

Appellant and defendant-appellee, Barbara S. Swartz, were married on March 11, 1985.[1] No children were born during the marriage. Appellant filed a complaint for divorce on August 26, 1994.

The record indicates that the parties were married once before on July 2, 1971 and were subsequently divorced on October 8, 1982. During both marriages, the parties resided on a farm consisting of approximately seven acres. Prior to the parties' first divorce, appellant transferred the farm by deed to his son by a previous marriage, Stanley Joseph Swartz III ("Joe").[2] On May 6, 1980, the same day that appellant transferred his interest in the farm to Joe, Joe executed a deed transferring the farm back to appellant. The first deed from appellant to

---

1. The final judgment entry and decree of divorce entered on May 16, 1995 states that the parties were married on March 11, 1985 and appellant testified that the parties were married on that date. However, the marriage records of the Warren County Probate Court indicate that the parties were married on December 15, 1995. Further, the trial court's decision entered on February 3, 1995 states that the parties were married in 1984 and appellant's complaint as well as appellee's answer state that the parties were married in 1984. We will use the marriage date contained in the judgment entry and decree of divorce, as the marriage date is not an issue for purposes of these proceedings.

2. Appellant purchased the farm, originally consisting of approximately one hundred twenty acres, in 1949 with his first wife, Carol. Appellant and Carol were later divorced and Carol received the farm as part of the property settlement. Upon Carol's death in 1973, Joe Swartz inherited the farm. Joe was forced to sell approximately one hundred thirteen acres of the farm in order to satisfy the debts of Carol's estate. In 1976, Joe transferred an undivided one-half interest in the farm by deed to appellant and in 1980 transferred the remaining one-half interest in the farm by deed to appellant.

Joe was recorded, but the second deed from Joe to appellant was kept in appellant's attorney's safe and was not recorded until later.

The parties' first divorce was finalized in 1982. Appellee did not make any attempt to litigate her interest in the farm during the first divorce proceedings despite the fact that she was represented by counsel. Thus, the farm was not an issue in the first divorce. In 1983, appellant recorded the second deed from Joe to appellant, establishing himself as the sole owner of the farm.

The trial court held a final hearing in the second divorce proceedings on January 23, 1995. The trial court issued a decision on February 3, 1995, dividing the parties' assets and liabilities. The trial court found that the farm, valued at approximately $156,330, was appellant's separate property because he was the sole owner when the parties remarried in 1985. However, the trial court determined that a distributive award was appropriate and ordered appellant to convey the farm to appellee, reserving a life estate for himself. A judgment entry and decree of divorce was filed on May 16, 1995. It is from this judgment that appellant now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred as a matter of law when it awarded nearly all the real and personal property of the parties to Mrs. Swartz."

Assignment of Error No. 2:

"The trial court erred as a matter of law when it awarded nearly all the real and personal property of the parties to Mrs. Swartz."

Assignment of Error No. 3:

"The trial court erred as a matter of law when it essentially made a distributive award the means by which it awarded payment of spousal support to Mrs. Swartz."

Assignment of Error No. 4:

"The trial court erred as a matter of law and as required by Ohio Revised Code Section 3105.–18(C), when it failed to consider the factors required to establish the propriety and reasonableness of spousal support paid in effect by a gross distribution to Mrs. Swartz."

Assignment of Error No. 5:

"The trial court abused its discretion by awarding to Mrs. Swartz the separate family farm property which Mr. Swartz brought to the marriage, leaving the older Mr. Swartz with only a life estate for the short remainder of his life."

Assignment of Error No. 6:

"The trial court abused its discretion when it used a distributive award as a 'gross payment' form of spousal support—first, because it considered few, if any, of the factors contained in Ohio Revised Code § 3105.18 *et seq.* regarding spousal support and second, because it merged property division and spousal support in a single award."

In the interest of judicial expediency, we will address appellant's assignments of error out of order. In his second assignment of error,[3] appellant contends that the trial court erred by awarding nearly all of the parties' real and personal property to appellee. Appellant argues that the trial court failed to make written findings of fact pursuant to R.C. 3105.171 to support the distributive award of the remainder interest in appellant's separate farm property to appellee as an equitable division of property.

A distributive award is "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support * * *." R.C. 3105.171(A)(1). The court may order a distributive award to one spouse from the other spouse's separate property in accordance with R.C. 3105.171(E) if it is equitable to do so. *Obermyer v. Obermyer* (Jan. 26, 1996), Wood App. No. WD–95–048, unreported, 1996 WL 28001. R.C. 3105.171 governs the authority of a trial court to make a distributive award and provides as follows:

"(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. The court may require any distributive award to be secured by a lien on the payor's specific marital property or separate property.

"(2) The court may make a distributive award in lieu of a division of marital property in order to achieve equity between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome.

"(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."

Further, R.C. 3105.171(F) lists a number of factors which a trial court must consider when determining whether to make and the amount of any distributive

---

3. Appellant's first and second assignments of error read identically but the arguments in the brief raise different issues presented for review.

award.[4]

Additionally, R.C. 3105.171 provides, in part, as follows:

"(D) * *. * If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse.

"(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided * * *."

A trial court has broad discretion to determine whether a distributive award of a party's separate property is equitable and appropriate under R.C. 3105.171(E). *Adams v. Chambers* (1992), 82 Ohio App.3d 462, 466, 612 N.E.2d 746, 748. An appellate court must not disturb a trial court's decision to make such an award absent an abuse of discretion. *Id.* The term "abuse of discretion" suggests more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142.

The trial court found that the farm was appellant's separate property, as he was the sole owner of the farm at the time of the parties' second marriage. However, the trial court then ordered a distributive award of the farm, awarding only a life estate to appellant and the entire remainder interest to appellee. The trial court awarded appellant assets valued at approximately $24,735, plus a life estate in the farm. Appellee received assets valued at approximately $24,600,

---

**4.** R.C. 3105.171(F) states that:

"In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:

"(1) The duration of the marriage;

"(2) The assets and liabilities of the spouses;

"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;

"(4) The liquidity of the property to be distributed;

"(5) The economic desirability of retaining intact an asset or an interest in an asset;

"(6) The tax consequences of the property division upon the respective awards to be made to each spouse;

"(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;

"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;

"(9) Any other factor that the court expressly finds to be relevant and equitable."

plus a vested remainder in the farm.[5]  Thus, the distributive award of the farm in this case brings the total accumulated value of all assets awarded to appellee in the property distribution to $180,930.[6]  Based upon the available assets of the marriage, such a distributive award is grossly disproportionate as a supplement to the property division pursuant to R.C. 3105.171(E)(1) and is an abuse of discretion.

Further, the trial court did not make written findings of fact to support its distributive award of appellant's separate farm property.  According to R.C. 3105.171(E)(1) through (3), a trial court can order a distributive award to facilitate or supplement a division of marital property, in lieu of a marital property division, or to compensate one spouse where the other has engaged in financial misconduct.[7]  The trial court's decision does not specify what factors enumerated in R.C. 3105.171(E) and (F) led it to conclude that a distributive award was necessary in this case.

Accordingly, we find that the trial court failed to comply with the mandates of R.C. 3105.171(D) and (G) and erred in ordering a distributive award without stating findings in support of the award.  Based upon the state of the record before this court, it is impossible to conduct a meaningful appellate review of the distributive award in this case.  Appellant's second assignment of error is sustained.  On remand, the trial court is instructed to review the parties' property, both separate and marital, and determine a reasonably equitable distributive award in accordance with R.C. 3105.171(E) and (F), if such an award is found to be appropriate under the circumstances of this case.  The trial court is also instructed to issue written findings of fact to support the division of property and any distributive awards pursuant to R.C. 3105.171(D) and (G).

Appellant's first and fifth assignments of error involve similar issues and will be considered together.  In his first assignment of error, appellant contends that the trial court erred in awarding nearly all of the parties' real and personal property to appellee.  Appellant argues that the trial court failed to follow the requirements contained in R.C. 3105.171 when it divided the marital property equally, determined that the farm was appellant's separate property, and then

---

5.  The breakdown of the property division in the case is approximately eighty-seven percent to appellee and thirteen percent to appellant.

6.  The $180,930 figure is computed by adding $24,500 to $156,330.

7.  R.C. 3105.171(E)(3) is inapplicable in this case.  Although appellant and Joe may have engaged in financial misconduct during the first divorce by depriving appellee of her interest in the farm, the trial court found that these issues are now *res judicata* because appellee did not litigate them in the first divorce proceeding.  Moreover, the alleged financial misconduct did not occur during the second marriage and should have no bearing on these proceedings.

ordered a distributive award of the remainder interest in the farm to appellee, awarding appellant only a life estate. In his fifth assignment of error, appellant contends that the trial court abused its discretion by awarding appellant's separate farm property to appellee. Appellant contends that by awarding only a life estate in the farm to appellant with the remainder to appellee, the trial court essentially awarded all of the parties' assets, both marital and separate, to appellee.

As discussed in connection with appellant's second assignment of error, we find that the trial court erred by failing to issue written findings of fact to support the distributive award pursuant to the requirements established in R.C. 3105.171(D) and (G). In light of our resolution of appellant's second assignment of error, we find it unnecessary to reach the issues presented in appellant's first and fifth assignments of error. Accordingly, appellant's first and fifth assignments of error are rendered moot and are hereby overruled.

██ In his third assignment of error, appellant contends that the trial court erred in making a distributive award as a means of effectuating a spousal support award. Appellant argues that the trial court's distributive award of a remainder interest in the farm to appellee was an impermissible form of spousal support precluded by R.C. 3105.171(C)(3) and 3105.18(B).

R.C. 3105.171(C)(3) provides as follows:

"The court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under section 3105.18 of the Revised Code, and without regard to any spousal support so awarded."

R.C. 3105.18(A) provides as follows:

" 'Spousal support' does not include any payment made to a spouse or former spouse * * * that is made as part of a division or distribution of property or a distributive award under section 3105.171 of the Revised Code."

By definition, a distributive award is made from separate property or income and does "not constitute payments of spousal support." R.C. 3105.171(A)(1).

██ A trial court has broad discretion in determining whether an award of spousal support is appropriate. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 130, 541 N.E.2d 597, 598–599. A decision regarding spousal support will not be disturbed on appeal absent an abuse of discretion. *Blakemore,* 5 Ohio St.3d at 218–219, 5 OBR at 482–483, 450 N.E.2d at 1141–1142.

A careful review of the record indicates that the trial court's distributive award was in reality an award of spousal support. The trial court found that "[d]ue to [appellant's] age and poor state of health, the court will not require him to work

to provide spousal support for [appellee]. The court does, however, make a distributive award of [appellant's] interest in the real estate to [appellee]." The court also found that appellant cannot afford to pay spousal support to appellee even though she has demonstrated a need for support. Thus, the court found that the "equitable solution is to award him the right to live out his remaining days [on the farm] but to then transfer the entire interest in the property to [appellee] upon his death."

The record indicates that appellant is seventy-one years old and suffering from advanced lung cancer. He has no ability to earn income and his prospects for improving his condition are nonexistent. Appellee, on the other hand, is fifty-four years old, in good health, and able to work.

██ Under the circumstances of this case, the trial court's decision to award spousal support to appellee constitutes an abuse of discretion. See *Blakemore,* 5 Ohio St.3d at 218–219, 5 OBR at 482–483, 450 N.E.2d at 1141–1142. Moreover, the trial court erred in making a distributive award of an asset valued at $156,330 in order to provide appellee with some form of spousal support, as such an award is not authorized by statute. See R.C. 3105.171(A)(1), 3105.171(C)(3) and 3105.18(A). Accordingly, appellant's third assignment of error is sustained.

Appellant's fourth and sixth assignments of error will be considered together. In his fourth assignment of error, appellant contends that the trial court erred by failing to consider the factors contained in R.C. 3105.18(C) in order to establish the propriety and reasonableness of spousal support paid in effect by a gross distribution to appellee. In his sixth assignment of error, appellant contends that the trial court abused its discretion when it used a distributive award as a "gross payment" form of spousal support. Appellant argues that the trial court failed to consider all of the factors contained in R.C. 3105.18 and erred by merging property division and spousal support in a single award.

As discussed in connection with appellant's third assignment of error, we find that the trial court erred in ordering spousal support. In light of our resolution of appellant's third assignment of error, we find it unnecessary to reach the issues presented in appellant's fourth and sixth assignments of error. Accordingly, appellant's fourth and sixth assignments of error are rendered moot and are hereby overruled.

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.