OPINION
Plaintiff/Appellant/Cross-Appellee, Mrs. Violet Eberly, appeals from a judgment of the Court of Common Pleas of Henry County, granting her a divorce from Mr. Ronald Eberly, Defendant/Appellee/Cross-Appellant, and dividing the parties' marital estate. Ronald cross-appeals the judgment. Finding none of the arguments advanced on appeal to have merit, we affirm the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. Ronald and Violet were married on January 15, 1965, with two children born as issue of the relationship who are now emancipated adults. Violet had one child prior to this marriage who was raised by the parties, and who is now also an emancipated adult. Throughout the marriage, Violet worked part-time jobs but her primary role was as homemaker. Ronald worked at the General Motors plant in Defiance, Ohio. Both parties are now retired.
In March 1998, Violet filed for divorce citing grounds of extreme cruelty, gross neglect of duty, and incompatibility. On December 2, 1999, the magistrate issued her report, to which Violet and Ronald filed objections. The trial court overruled the objections and adopted the magistrate's decision. It is from this judgment that Violet now appeals and Ronald now cross-appeals.
Violet asserts the following two assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred as a matter of law in finding that $30,000.00 was separate property of Defendant-Appellee.
 Violet maintains that $30,000.00 the magistrate determined was Ronald's separate property is in fact marital property.
In a divorce proceeding, the trial court must classify property as marital or separate and then award each spouse his or her separate assets. R.C. 3105.171(B) and (D). The marital property is then divided equally, or in a manner the court determines equitable. R.C. 3105.171
(C)(1). Marital property includes "all real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage." 3105.171 (A)(3)(a)(i). Separate property includes "all real and personal property and any interest in real or personal property that is found by the court to be * * * an inheritance by one spouse by bequest, devise, or descent during the course of the marriage." R.C.(A)(6)(a)(i).
In determining whether the trial court has appropriately categorized property as separate or marital, our standard of review is whether the classification is against the manifest weight of the evidence. Barkleyv. Barkley (1997), 119 Ohio App.3d 155 . In the present case, evidence supports the magistrate's decision that $30,000.00 was Ronald's separate property. Ronald's father, Donald Eberly, died on April 23, 1983. From his father's estate, Ronald inherited $36,096.10 in personal property and cash. Some of the personal property was sold and converted to cash which Ronald kept in the garage. Ronald testified that $30,000.00 of the inheritance went towards the purchase of land which he developed and subdivided as "Eberly's Mini-Addition." The parties obtained a mortgage loan and built the marital residence on one of the lots. Violet recalled finding large sums of cash in the garage, supporting Ronald's explanation of the source of the purchase money for the real property. As the lots were sold, the proceeds were used to reduce the mortgage owed for the marital residence. By the time the divorce was filed, only 10.487 acres of the original remained.
In the case sub judice, Ronald argues that $30,000.00 is traceable to the purchase of real property. Determining traceability is a finding of fact. Zeefe v. Zeefe (1998), 125 Ohio App.3d 600; Peck v. Peck (1994),96 Ohio App.3d 731; James v. James (1995), 101 Ohio App.3d 668. Violet did not controvert this testimony, and the magistrate determined that $30,000.00 will be considered traceable to the real property remaining at the time the divorce was filed. When competent and credible evidence supports a judgment, it will not be reversed as against the manifest weight of the evidence. Zeefe, 125 Ohio App.3d 600. This is a highly deferential standard of review. Barkley, 119 Ohio App.3d 155. A reviewing court should presume the findings are correct because the trial court "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." Id at 159.
Violet did not dispute Ronald's testimony as to the source of the money for the purchase of the property. The magistrate stood in the best position to weigh the credibility of the evidence and to determine whether the $30,000.00 was traceable to the real property. The record supports the trial court's decision. Therefore, we cannot determine that the award of $30,000.00 as separate property goes against the manifest weight of the evidence.
Accordingly, Violet's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred as a matter of law and its decision was against the manifest weight of the evidence in awarding a nominal amount to plaintiff as a distributive award.
 In her second assignment of error, Violet argues that the trial court's award of a $10,000.00 distributive award fails to compensate her for unaccounted for assets that Ronald continues to secrete.
A "distributive award" is "any payment or payments, in real or personal property, that are payable in a lump sum or over time * * * that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support * * *." R.C.3105.171(A)(1). According to R.C. 3105.171(E)(1), "the court may make a distributive award to facilitate, effectuate, or supplement a division of marital property." Where a spouse "has engaged in financial misconduct, including * * * the concealment of assets, * * * the court may compensate the offended spouse with a distributive award." Id.
Absent an abuse of discretion, an appellate court must not disturb the trial court's decision to make a distributive award. Swartz v. Swartz
(1996), 110 Ohio App.3d 218. See, also, R.C. 3105.171(E). "An abuse of discretion connotes more than an error of law or judgment: it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable." Szymczak v. Szymczak (2000), 136 Ohio App.3d 706, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144; Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The magistrate determined and explained in her decision that grounds for the award include the concealment of assets and the record supports that position. The concealment of assets qualifies as financial misconduct thus permitting a distributive award. The amount of the distributive award is not stipulated by statute and lies within the magistrate's discretion. We find that the distributive award, in this instance, was not unreasonable, arbitrary, or unconscionable.
Violet's second assignment of error is overruled.
In his cross-appeal, Ronald asserts five assignments of error for our consideration.
 CROSS-ASSIGNMENT OF ERROR NO. I The trial court erred as a matter of law and abused its discretion by awarding plaintiff spousal support in such an amount as to equalize the parties' income from social security and the defendant's pension, effectively awarding to the plaintiff 72% of the defendant's pension.
 In his first assignment of error, Ronald contends that the trial court abused its discretion by awarding Violet spousal support which in effect equalizes the parties' incomes from social security and Ronald's pension. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable." Hutchinson v. Hutchinson (1996), 113 Ohio App.3d 863, 865. Absent an abuse of discretion, a trial court has broad discretion to determine the amount of spousal support. Id.
R.C. 3105.18(C)(1) lists the factors a trial court must consider in determining whether spousal support is appropriate. The magistrate weighed the evidence as it pertained to each of the factors in reaching a decision on the amount of spousal support. The evidence presented revealed that the parties had been married for just over 33 years. Both parties were retired and were unlikely to return to the work force. Neither had any additional income beyond retirement income at the time. Throughout the marriage, Ronald was the primary wage earner, and though Violet worked much of the time, her primary responsibility was raising the children. Violet received $522.00 per month in Social Security benefits, minus $45.00 per month for Medicaid coverage, for a net of $477.00 per month. Ronald received a gross monthly pension from General Motors in the amount of $803.00 per month
Violet, at the time of the magistrate's decision, was 65 years of age and in good health. Ronald was 63 years of age and suffered from diabetes, heart-related problems, and experienced dental problems requiring the removal of his teeth. Violet was on Medicare, and Ronald had health insurance through his retirement plan.
Based upon the above facts, the magistrate concluded that the parties contributed equally to the marital funds earned and contributed equally to the production of the available retirement funds. The magistrate's decision awards Violet spousal support in the amount of $580.00 per month, plus administrative processing fees, payable by withholding from Ronald's General Motors pension. The magistrate's decision, in effect, equalizes their income. Where the magistrate finds that the parties contributed equally to the marital and retirement funds, we disagree with Ronald's contention that equalizing their incomes qualifies as an abuse of discretion.
Thus, Ronald's first cross-assignment of error is overruled.
 CROSS-ASSIGNMENT OF ERROR NO. II The trial court erred as a matter of law and abused its discretion by denying the appellee/cross-appellant's request to consider the medical debts incurred by the defendant during the twenty-two months between submission of the case to the trial magistrate for decision and the court's ruling on the parties' objections thereto.
 Ronald contends that the trial magistrate should have considered supplemental evidence of his medical expenses which were incurred following the magistrate's hearing and before the entry of the magistrate's decision. Ronald points to a period of twenty-two months between the submission of the case to the trial magistrate for decision and the court's ruling on the parties' objections thereto. The last day of the divorce trial was December 18, 1998. Eleven months later, Ronald filed a motion to supplement the trial record with evidence of additional medical bills. The magistrate filed her decision December 2, 1999, twelve months following the end of the trial, and would have filed the decision sooner "were it not for continued motions and filings of the parties." Evidence of the additional medical bills was not taken into account due to Ronald's failure, despite "continued legal action and appearances in the court," to attempt to present his medical bills sooner. The judgment entry affirming the magistrate's decision was filed on October 5, 2000.
Traditionally, the marriage terminates on the date of the final hearing. R.C. 3105.171(A)(2). However, the court may determine that the date of the final hearing would be inequitable and that the de facto termination of the marriage occurred at an earlier time. Heary v. Heary
(Nov. 30, 2000), Cuyahoga App. Nos. 76833, 77049, 78180, unreported, citing Gullia v. Gullia (1994), 93 Ohio App.3d 653; Stafinsky v.Stafinsky (1996), 116 Ohio App.3d 781. "The court's decision whether or not to use a de facto termination date is subject to an abuse of discretion standard of review." Id. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Szymczak, 136 Ohio App.3d 706 . The magistrate determined that the de facto termination date of the marriage was March 2, 1998, the date Violet filed for divorce.
The magistrate stated neither party should be liable for those debts which were incurred in the other's separate name following the date of separation. It appears from the text of the magistrate's decision that the magistrate knew of and took into account in determining a fair and just settlement, Ronald's heart problems, diabetes and dental concerns. In addition, the magistrate made note that Ronald had nearly a year since the final hearing to introduce the medical bills. We find that the magistrate did not abuse her discretion in not considering Ronald's submission of his medical bills.
Therefore, Ronald's second cross-assignment of error is overruled.
 CROSS-ASSIGNMENT OF ERROR NO. III The trial court erred as a matter of law and abused its discretion by making a distributive award of $10,000.00 from the appellee/cross-appellant's separate property when the court found no assets of any such value to have been concealed by the appellee/cross-appellant or any other financial misconduct related to such amount.
 For the reasons stated in Violet's first assignment of error, Ronald's third assignment of error is overruled.
 CROSS-ASSIGNMENT OF ERROR NO. IV The trial court erred as a matter of law and abused its discretion by awarding attorney fees to the appellant from the appellee/cross-appellant's share of property without evidence substantiating the reasonableness of those fees or showing of inability to pay on behalf of the appellant or of a superior ability to pay on the part of the appellee/cross-appellant.
 Ronald argues that the trial court abused its discretion by ordering him to pay his former spouse's attorney fees.
The trial court may grant reasonable attorney fees to the prevailing party in a domestic relations action. Goode v. Goode (1991),70 Ohio App.3d 125. See, also, R.C. 3105.18(H). "An award of attorney fees in a domestic relations action is committed to the sound discretion of the trial court and will not be reversed finding an abuse of discretion." Id. at 134. To recover attorney fees, the prevailing party "has the burden of proving that expenses were incurred and that the expenditures were reasonable and necessary." Id.
R.C. 3105.18(G) states:
 * * * If any person required to pay spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make * * * spousal support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court that arose in relation to the act of contempt.
 The magistrate's decision reflects that Ronald failed to disclose assets which increased the difficulty of Violet's litigation efforts and required additional hearings and added appraisals of personal property. In addition, there was a finding of contempt against Ronald for failure to abide by the temporary court orders to pay spousal support. Based upon these facts, it was reasonable for the magistrate to determine that Ronald should contribute to Violet's attorney fees. Taken into account were the hours occupied by the additional hearings and the preparation associated therewith. Violet's attorney's $115.00 per hour fee was deemed reasonable. Under these circumstances, we cannot find an abuse of discretion.
Ronald's fourth cross-assignment of error is overruled.
 CROSS-ASSIGNMENT OF ERROR NO. V The trial court erred as a matter of law and abused its discretion by requiring the appellee/cross-appellant to pay the appellant's appraisal fees.
 The magistrate's decision to require Ronald to pay for the second appraisal made of items at his brother's home is supported by facts on record. The trial record shows that during the first appraisal, Ronald failed to fully disclose assets which necessitated a second appraisal. Therefore, we find that the magistrate's decision to require Ronald to pay Violet's second appraisal fees was neither unreasonable, arbitrary, or unconscionable.
Ronald's fifth assignment of error is overruled.
 Having found no error prejudicial to appellant or cross-appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ___________________ Hadley, J.
WALTERS, P.J., and SHAW, J., concur.