[Cite as *Roetting v. Roetting*, 2016-Ohio-7435.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


VICKI J. ROETTING,                                  :

      Plaintiff-Appellee,                         :            CASE NO.   CA2015-11-186

      - vs -                                              :            O P I N I O N
                                                                          10/24/2016
                                                          :

CHRISTOPHER P. ROETTING,                    :

      Defendant-Appellant.                        :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR13-05-0531


Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 S. Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, P.J.**

{¶ 1}  Defendant-appellant, Christopher Roetting (Husband), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, dividing property after his divorce from plaintiff-appellee, Vicki Roetting (Wife).

{¶ 2}  Husband and Wife married in 2007 and divorced in 2013.  The parties stipulated to several aspects of the property and debt division, but could not agree on other issues.  The trial court held a hearing, and issued a decision encumbering Husband with an

unequal amount of debt. Husband appealed the trial court's decision, and we reversed, finding that the trial court did not adequately address the reasons for its unequal division of property. *Roetting v. Roetting*, 12th Dist. Butler No. CA2014-06-128, 2015-Ohio-2461. We also determined that the trial court erred by not adequately addressing Husband's claim that he was entitled to a distributive award from Wife's separate funds.

{¶ 3} Our specific remand instructions directed the trial court "to make sufficient findings of fact consistent with R.C. 3105.171(G), and divide the parties' marital property consistent with those findings." *Id.* at ¶ 28. We also directed the trial court to "consider, in light of its findings under R.C. 3105.171(G), whether a distributive award is warranted as part of the property division." *Id.* at ¶ 34.

{¶ 4} On remand, the trial court indicated its intention to address our specific instructions. The trial court scheduled a hearing to address the remand instructions, but Husband filed a motion for a new trial. The trial court denied Husband's request for a new trial, and issued an order explaining its reasoning for the unequal division of property set forth in the original decree. Husband now appeals the trial court's decisions made after our remand, raising the following assignments of error. For ease of discussion, we will combine Husband's first and second assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN THE DIVISION OF MARITAL PROPERTY.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE A DISTRIBUTIVE AWARD IN APPELLANT'S FAVOR.

{¶ 9} Husband argues in his first and second assignments of error that the trial court

erred in dividing the marital property and debts, and by not ordering a distributive award in his favor.

{¶ 10}   Property division in a divorce proceeding is a two-step process that is subject to two different standards of review. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 11.  Pursuant to R.C. 3105.171(B), the first step is for the court to "determine what constitutes marital property and what constitutes separate property" or what constitutes marital debt. *Cooper v Cooper*, 12th Dist. Clermont No. CA2013-02-017, 2013-Ohio-4433, ¶ 13.  An appellate court reviews the trial court's classification of property or debt as marital or separate under the manifest weight of the evidence standard. *Oliver v. Oliver*, 12th Dist. Butler No. CA2011-01-004, 2011-Ohio-6345, ¶ 8.

{¶ 11}   Manifest weight "concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 36.  In a manifest weight analysis, the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. *Id.*  "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 21.

{¶ 12}   After classifying the property as separate or marital, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally.  R.C. 3105.171(C)(1) and (D).  However, if the court finds an equal division would be inequitable, then the court must divide the property in a manner it determines is equitable.  R.C.

3105.171(C)(1).

{¶ 13} According to R.C. 3105.171(A)(1), a distributive award is "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support * * *." R.C. 3105.171(E)(1) permits the trial court to "make a distributive award to facilitate, effectuate, or supplement a division of marital property."

{¶ 14} According to R.C. 3105.171(F), "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:"

> (1) The duration of the marriage;
>
> (2) The assets and liabilities of the spouses;
>
> (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
>
> (4) The liquidity of the property to be distributed;
>
> (5) The economic desirability of retaining intact an asset or an interest in an asset;
>
> (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
>
> (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
>
> (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
>
> (9) Any retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension;
>
> (10) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 15} To facilitate meaningful appellate review of the trial court's division of marital

property, R.C. 3105.171(G) requires the trial court to "make written findings of fact that support the determination that the marital property has been equitably divided." The trial court is given broad discretion in fashioning a property or debt division and will not be reversed absent an abuse of discretion. *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 54. More than mere error of judgment, an abuse of discretion requires that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 16} The trial court ordered Husband to pay more than $23,000 in marital credit card debt, while allocating $6,646.05 to Wife. The $23,000 allocation to Husband was in addition to the amount Husband was responsible for paying on a mortgage. As such, this court determined that the trial court's order was not equal, and was therefore required to be equitable. On remand, the trial court articulated its reasoning for fashioning an equitable, rather than an equal division.

{¶ 17} The trial court first considered the parties' stipulations regarding separate property interests, and noted that Wife's separate property included three IRA accounts, three Merrill Lynch accounts, and four USAA accounts. Husband's separate property included a Ben Hur Utility Trailer. While these designations are clear and set forth in the parties' agreement, the court also considered that the parties' stipulations also addressed the home in which the couple lived while married (the Home). According to Article 2 of the stipulations, "Husband shall retain possession and all rights, title, and interest in the marital home, purchased prior to the marriage date."

{¶ 18} It is undisputed from the record that Husband purchased the Home prior to the marriage date.[1] Even so, the record is equally undisputed that the couple subsequently

---

1. Husband argues that we previously determined that the Home was Husband's separate property the first time Husband appealed the trial court's decision. However, we were never asked to determine whether the Home

borrowed money, and encumbered the property with a joint mortgage that obligated both parties on the note and mortgage. The loan was used to pay off a first mortgage of $49,001 that had previously encumbered the Home, as well as a loan of $49,437 that had been used to purchase property in Tennessee.

{¶ 19} According to the parties' stipulations, the value of the Home was $155,000 and the mortgage balance was $103,000. Regardless of the values, the parties also stipulated that the equity in the Home was $42,000, and further set forth that "Husband shall pay to Wife no amount as her equitable share of the net equity in the Home." Despite the stipulations addressing these points, there is no further indication that the stipulations identify the Home entirely as separate property. The trial court noted that the issue of whether the Home was marital, separate, or a mixed asset was not before the court for determination, and instead, concluded that the parties' stipulations "designated the Home as marital property."

{¶ 20} The court also considered that the Tennessee property's value was $58,410, and that Husband was entitled to keep the property. Husband was also able to retain a time share that was marital property, which had a value of $10,115. Husband also retained a time share in Lake Geneva, which was also marital property, with a value of $7,833. The Lake Geneva time share had an outstanding loan balance of approximately $4,000.[2]

{¶ 21} The couple also stipulated that they jointly owned a vehicle that had equity of $12,390, and Husband retained this vehicle. The court also considered that the parties

---

was separate or marital property, and Husband never assigned as error the manner in which the trial court dealt with the Home. Thus, any passing reference to the Home belonging to Husband was not a legal conclusion upon which Husband can claim the Home as his separate property.

2. Husband disagrees with the trial court's valuation of the time shares and other property. However, and as will be addressed in Husband's third assignment of error, those issues were not before the trial court on remand. Instead, the trial court was limited to addressing the factors and dividing property based upon the amounts deduced at the first hearing where both parties had ample opportunity to establish the values.

stipulated to the division of all household goods with the exception of a 3-D television, treadmill, and iPad with accessories. Husband was given possession of the television while Wife kept the treadmill, as well as the iPad and accessories.

{¶ 22} After considering these issues, the trial court noted that it had considered all of the factors set forth in R.C. 3105.171, as listed above, and that such consideration formed the basis for its property division. Specifically, the court considered the liabilities of the parties, including the mortgage and note that encumbered the Home in the amount of $103,000. The trial court specifically found this amount to be a marital debt. Thus, and even if the Home was entirely Husband's separate property, the mortgage encumbered Wife as well. The court also considered that the parties' stipulation provided that Husband agreed to indemnify and hold Wife harmless from all unpaid obligations on the mortgage, and that Husband would be responsible for all taxes, assessments, insurance, mortgage payments, maintenance and repairs for the Home.

{¶ 23} Although Husband was to hold Wife harmless for the mortgage debt, the court considered that from the $103,000 owed, $49,437 was borrowed to repay a loan used to purchase property in Tennessee that Husband was entitled to keep. Thus, that amount of the mortgage debt was set off by the fact that Husband retained the property. The court also considered the retirement benefits of the parties, specific to each party keeping their own retirement benefits, as well as Husband's coin collection, which was awarded in full to Husband.[3]

{¶ 24} The trial court recognized that Husband was given an unequal division of debt, but nonetheless found the division to be equitable given the award of the coin collection to

---

3. The record indicates that Husband began his coin collection prior to the marriage, but also that "there are many coins, jewelry and collectibles, the parties acquired during the marriage." Husband failed to list his collection of coins and other memorabilia as property for division purposes, and the parties never valued the collection. Even so, the trial court awarded the entire collection to Husband despite Wife's suggestion that they split the collection.

Husband, Husband's retention of all the real estate, and any marital equity in the real estate that may have accumulated during the marriage. Husband's retention of all the real estate was balanced by the fact that Wife was not awarded any real estate. As specifically noted by the trial court, even if the Home was Husband's separate property, the real estate division still favored Husband, and his share still far exceeded Wife's because she did not receive any real estate as part of the property division.

{¶ 25} The court also considered that an equal division of property would have required a division of the marital estate as well as both retirement accounts, something neither party wanted. The record is clear that the trial court was limited in its property division based upon the fact that the parties stipulated to how most of the property would be divided. The trial court noted that its property division would have been different had the parties not stipulated to some division issues, and demonstrated through the use of a spreadsheet how Husband benefitted from the stipulations given that a more equal division of property would have occurred absent the parties' stipulations. However, given the constraints of the stipulations, the trial court divided the debts in an equitable, rather than equal, manner. Based on all relevant factors, the trial court determined that an unequal division of marital debt was equitable, and we find no abuse of discretion in the trial court's decision.

{¶ 26} The trial court also addressed the distributive award issue, and determined that Husband was not entitled to a distributive award from Wife's separate property. Husband asked for a distributive award to help offset debt he argued was incurred to pay off Wife's premarital debt. Husband also claimed that the couple used his savings and non-taxable earnings to repay debt during the marriage. However, the trial court found that the money borrowed was spent on the parties' "extravagant wedding and honeymoon," rather than Wife's premarital debt. The trial court also determined that Wife had not engaged in any financial misconduct during the marriage, nor had she failed to disclose property, income, or

expenses.

**{¶ 27}** The court noted that the parties incurred debt in order to fund their lifestyle, and that Husband paid the household bills from funds earned by both parties, so that Husband was unable to show that his own-separate funds had been depleted. Nor had Husband been able to show that his funds had been depleted by helping Wife pay her separate debts, and Husband did not prove that any money he may have inherited before the marriage was depleted because of Wife. Based on those findings, the trial court determined that Husband was not entitled to a distributive award. Again, we find no abuse of discretion in the trial court's determination.

**{¶ 28}** Having found that the trial court properly considered the statutory factors, and that the trial court's decisions do not constitute an abuse of discretion, Husband's first two assignments of error are overruled.

**{¶ 29}** Assignment of Error No. 3:

**{¶ 30}** THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN DENYING HIS MOTION FOR A NEW TRIAL.

**{¶ 31}** Husband argues in his third assignment of error that the trial court erred in denying his motion for a new trial.

**{¶ 32}** As previously stated, we ordered a remand after Husband appealed the trial court's original order. On remand, the trial court was directed to divide the couple's property after considering all statutory factors. The trial court was also ordered to more fully address Husband's request for a distributive award. Once the trial court received these remand instructions, it scheduled a hearing and allowed the parties to submit briefs regarding the remand instructions. Even so, Husband asked for a new trial, arguing that there was additional evidence for the trial court's consideration.

**{¶ 33}** Civ.R. 59(A) sets forth grounds by which a party may seek a new trial,

- 9 -

including the discovery of newly discovered evidence. *A N Bros. Corp. v. Total Quality Logistics, L.L.C.*, 12th Dist. Clermont No. CA2015-02-021, 2016-Ohio-549, ¶ 57. The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 is reviewed for an abuse of discretion. *Pettit v. Pettit*, 12th Dist. Fayette No. CA2011-08-018, 2012-Ohio-1801, ¶ 10. An abuse of discretion in ruling on a motion for a new trial connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Kranbuhl-McKee v. Durrani*, 12th Dist. Butler No. CA2015-11-191, 2016-Ohio-5286, ¶ 11.

{¶ 34} Husband asserts that the trial court abused its discretion because he should have been permitted to produce evidence of a specific amount of credit card debt assigned to him in the trial court's original order, the value of certain pieces of personal property that Husband claims Wife kept after the divorce, the amount of an investment account not addressed by the trial court in the original decree, the value of the timeshares and Tennessee property, as well as evidence to help trace his premarital assets for purposes of deciding the distributive award issue.

{¶ 35} The trial court denied Husband's motion, finding that the evidence submitted at the original hearing was "sufficient" for the court to comply with the remand instructions. The court further found that "both parties were given full opportunity to prepare for the final divorce hearing. * * * It is not necessary nor will it be helpful for this Court to receive additional evidence." We find no abuse of discretion in this finding.

{¶ 36} The remand instructions were exact and only required the trial court to make sufficient findings of fact consistent with R.C. 3105.171(G), and divide the parties' marital property consistent with those findings. We also directed the trial court to consider, in light of its findings under R.C. 3105.171(G), whether a distributive award was warranted as part of the property division. These remand instructions did not require the trial court to accept additional evidence, especially where both parties were fully provided the opportunity to

- 10 -

produce evidence on these issues during the first hearing.

{¶ 37} Husband has not proven, nor has he even claimed, that the evidence was not available to him for presentation at the first hearing. Instead, Husband wants to address new evidence regarding issues that were not before the trial court during the first hearing, or were not before the trial court on remand. However, nowhere in our remand instructions did we direct the trial court to accept new evidence, consider new issues, or otherwise reopen the proceedings. As such, the trial court did not abuse its discretion in denying Husband's request for a new trial, and Husband's third assignment of error is overruled.

{¶ 38} After a full review of the record, as well as considering all of Husband's arguments on appeal, we overrule Husband's three assignments of error.

{¶ 39} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.