[Cite as *Mann v. Muktarian*, 2025-Ohio-4404.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

LISEETSA G. MANN,                    :

    Appellant,                    :           CASE NO. CA2025-01-004

    - vs -                    :           OPINION AND
                        :           JUDGMENT ENTRY
                        :           9/22/2025

DEREK H. MUKTARIAN,                    :

    Appellee.                    :


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2020 DRA 01458


DeBra Law, LLC, and Ryan L. DeBra, for appellant.

Zachary D. Smith, LLC, and Zachary D. Smith and Colin C. Smith, for appellee.


**O P I N I O N**

**PIPER, J.**

{¶ 1} Appellant, Liseetsa G. Mann ("Wife"), appeals various aspects of the divorce decree issued by the Clermont County Court of Common Pleas, Domestic

Relations Division, granting her a divorce from appellee, Derek Muktarian ("Husband"). This includes Wife appealing the domestic relations court's decisions with respect to spousal support, child support, the division of property, and the denial of her request for a distributive award being issued to her from Husband's separate property. For the reasons outlined below, we affirm the domestic relations court's decisions.

**Facts and Procedural History**

{¶ 2}    On April 17, 2005, Husband and Wife were married in Cincinnati, Ohio. There were two children born issue of the marriage, S.R.M., born on July 8, 2007, and E.J.M., now emancipated, born on June 27, 2005. During their marriage, the couple built and lived in a home located in Clermont County, Ohio. However, on November 13, 2020, following 15 years of marriage, Wife filed a complaint for divorce from Husband. The following month, on December 7, 2020, Husband filed an answer and counterclaim for divorce from Wife. The matter ultimately proceeded to a nine-day trial held before the domestic relations court that concluded on February 7, 2024.[1] During that trial, the domestic relations court heard testimony and accepted evidence from several witnesses. These witnesses included both Husband and Wife. These witnesses also included Husband's expert witness and forensic accountant, Terry Yoho.

{¶ 3}    On August 29, 2024, the domestic relations court issued a detailed decision allocating parental rights and responsibilities, support, marital property and debt divisions with findings of fact and conclusions of law. As part of that decision, the domestic relations court granted Wife spousal support of $3,000 per month for a period of 84 months. The domestic relations court also determined that Husband was entitled to receive 91.17% of

---

1. Before concluding on February 7, 2024, the nine-day hearing took place on August 21, 22, 23, 24, 25, September 13, and November 26, 2023, as well as January 24, 2024.

the funds held in his retirement account, a Siemens Savings account, that were "sufficiently traced" by Yoho as Husband's separate property. This is in addition to the domestic relations court denying Wife's request for a distributive award being issued to her from Husband's separate property given Wife's "inaction in failing to mitigate her own financial circumstances by not looking for employment" and Husband's "financial support and expense during the entire process of litigation."

{¶ 4}  As for child support, the domestic relations court determined that Wife was entitled to receive child support from Husband for S.R.M., the parties' unemancipated child, in the amount of $1,392.48 per month. In so ruling, the domestic relations court determined that Wife was not entitled to receive any child support from Husband for their other child, E.J.M., now emancipated, despite E.J.M. having not yet technically graduated from high school.[2] Explaining its decision, the domestic relations court stated, in pertinent part, the following:

> [Wife] testified that she keeps the parties' offspring in high school so that, as home schooled, they can take college classes for free. [Wife] also testified that she could certify at any time that the children have completed their high school requirements. As such, [E.J.M.] should be emancipated as of his eighteenth birthday and [S.R.M.], although still a minor at this time, should also be emancipated on her eighteenth birthday.

{¶ 5}  On December 19, 2024, the domestic relations court issued its decree of divorce terminating the parties' marriage. On January 16, 2025, Wife filed a notice of appeal. Following briefing, Wife's appeal was submitted to this court for consideration on

---

2. The record indicates that Wife home schooled both S.R.M. and E.J.M. up to and including their senior high school curriculum, but that Wife's home schooling was no longer needed given that both S.R.M. and E.J.M. are now enrolled in college where they are taking colleges classes for which they receive college credits.

August 13, 2025. Wife's appeal now properly before this court for decision, Wife has raised four assignments of error for review.

**Wife's Assignment of Error No. 1:**

{¶ 6} THE AWARD OF SPOUSAL SUPPORT OF $3,000 PER MONTH FOR A PERIOD OF 84 MONTHS IS NEITHER APPROPRIATE [N]OR REASONABLE BASED UPON THE FACTORS OUTLINED IN ORC 3105.18(C).

{¶ 7} In her first assignment of error, Wife argues the domestic relations court erred in its decision to award her with spousal support of $3,000 per month for a period of 84 months. We disagree.

{¶ 8} In divorce proceedings, after the domestic relations court determines the division or disbursement of property, the domestic relations court "may award 'reasonable spousal support' to either party." *Carson v. Manubay*, 2023-Ohio-2015, ¶ 36 (12th Dist.), quoting R.C. 3105.18(B). "In determining whether spousal support is appropriate and reasonable, the [domestic relations] court has a statutory duty to base its spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1)." *Lykins v. Lykins*, 2018-Ohio-2144, ¶ 40 (12th Dist.). "R.C. 3105.18(C)(1) contains 14 factors that the [domestic relations] court must consider in determining if spousal support is appropriate." *Casper v. Casper*, 2013-Ohio-4329, ¶ 40 (12th Dist.). These 14 factors include, but are not limited to, the income of the parties, the relative earning abilities of the parties, the retirement benefits of the parties, the ages and physical, mental, and emotional conditions of the parties, the duration of marriage, and the standard of living the parties established during the marriage. R.C. 3105.18(C)(1)(a)-(e) and (g). "A reviewing court will presume each factor was considered, absent evidence to the contrary." *Bobie v. Bobie*, 2023-Ohio-

3293, ¶ 63 (12th Dist.).

{¶ 9} The domestic relations court has "broad discretion in determining whether to award spousal support, as well as the amount and duration of such award, based on the facts and circumstances of each case." *Spillane v. Spillane*, 2020-Ohio-5052, ¶ 12 (12th Dist.). "Thus, a spousal support award will not be disturbed on appeal absent an abuse of discretion." *Wessels v. Egan*, 2025-Ohio-1493, ¶ 14 (12th Dist.). An abuse of discretion requires this court to find the domestic relations court acted unreasonably, arbitrarily or unconscionably. *Porter v. Porter*, 2024-Ohio-1413, ¶ 20 (12th Dist.). "A decision is unreasonable where it is not supported by a sound reasoning process." *Nwafo v. Ugwualor*, 2024-Ohio-189, ¶ 11 (12th Dist.). "'An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard.'" *Dickenson v. Jackson*, 2024-Ohio-1236, ¶ 19 (12th Dist.), quoting *Crawford v. Fisher*, 2015-Ohio-114, ¶ 5 (10th Dist.). "[A]n unconscionable decision is one that affronts the sense of justice, decency, or reasonableness." *Schaible v. Schaible*, 2022-Ohio-4717, ¶ 24 (12th Dist.).

{¶ 10} Wife initially argues the domestic relations court's decision to award her with spousal support of $3,000 per month for a period of 84 months must be reversed and remanded because it is "unclear" from the domestic relations court's "limited holding" the "basis for the award in terms of duration and amount." To support this claim, Wife cites *Rigby v. Rigby*, 2021-Ohio-271, ¶ 28 (12th Dist.), which provides that "[a] trial court must indicate the basis for its spousal support award in sufficient detail to enable a reviewing court to determine the trial court considered the statutory factors and that the award is fair, equitable and in accordance with the law." However, upon review, we do not share

Wife's concerns as it relates to the sufficiency of the domestic relations court's analysis. This holds true as it relates to both the amount and duration of the spousal support award the domestic relations court afforded to Wife.

{¶ 11} The domestic relations court's decision explains in sufficient detail why it found granting Wife a spousal support award of $3,000 per month for a period of 84 months was appropriate and reasonable in this case. This included the fact that Wife, although having not worked during her marriage to Husband, had not made any effort in finding gainful employment following her separation from Husband. This being the case despite Wife having achieved for herself a bachelor's degree and two master's degrees, one being an MBA. Therefore, because we do not share Wife's concerns as it relates to the sufficiency of the domestic relations court's analysis as it relates to both the amount and duration of spousal support the domestic relations court afforded to Wife, Wife's initial argument lacks merit.

{¶ 12} Wife also argues the domestic relations court's decision to award her with spousal support of $3,000 per month for a period of 84 months must be reversed because it does not compensate her for the damage her marriage to Husband caused to her future earnings. This is in addition to Wife arguing that such an award does not allow her to maintain the same standard of living that she achieved during her marriage to Husband. However, "the Ohio Supreme Court has specifically rejected the idea that each party is entitled to achieve a standard of living comparable to that enjoyed during the marriage." *Justice v. Justice*, 2007-Ohio-5186, ¶ 20 (12th Dist.), citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 95 (1988). This is because, rather than requiring the domestic relations court apply an equal standard of living for purposes of determining an award of spousal

support, the domestic relations court is merely required to "consider all of the factors in R.C. 3105.18(C)(1) and fashion an award that is appropriate and reasonable." *Salpietro v. Salpietro*, 2023-Ohio-169, ¶ 39 (6th Dist.).

{¶ 13} Upon review, the domestic relations court in this case considered the relevant factors set forth in R.C. 3105.18(C)(1) when determining the appropriate and reasonable amount of spousal support that Wife should be awarded. This included, among other things, the duration of Wife's and Husband's marriage, Husband's yearly income, and the relevant extent of Wife's education as set forth above. When these factors are considered together, we can find nothing to indicate the domestic relations court abused its discretion by awarding Wife with spousal support of $3,000 per month for a period of 84 months. The fact that Wife believes a spousal support award of $4,100 per month for a period of ten years was more appropriate does not mean the domestic relations court abused its discretion by awarding her with less. To the extent Wife claims otherwise, such argument lacks merit.

{¶ 14} In so holding, we note that "[t]he abuse of discretion standard is based upon the principle that a trial court must have the discretion in domestic relations matters to do what is equitable given the facts and circumstances of each case." *Jefferies v. Stanzak*, 135 Ohio App.3d 176, 179 (12th Dist.1999), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). This is why, rather than a mere error of law or judgment, an abuse of discretion requires this court to find the domestic relations court acted unreasonably, arbitrarily, or unconscionably. *Oliver v. Oliver*, 2011-Ohio-6345, ¶ 15 (12th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The domestic relations court did not act unreasonably, arbitrarily, or unconscionably by awarding Wife with spousal support of

$3,000 per month for a period of 84 months. Therefore, finding no error in the domestic relations court's decision to award Wife with spousal support of $3,000 per month for a period of 84 months, Wife's first assignment of error lacks merit and is overruled.

**Wife's Assignment of Error No. 2:**

{¶ 15} THE TRIAL COURT ERRED BY FAILING TO ISSUE A DISTRIBUTIVE AWARD FROM HUSBAND'S SEPARATE PROPERTY.

{¶ 16} In her second assignment of error, Wife argues the domestic relations court erred by failing to issue her a distributive award from Husband's separate property. To support this claim, Wife argues that the "clear disparity of income" between her and Husband supports the issuance of a distributive award in this case. We disagree.

{¶ 17} Pursuant to R.C. 3105.171(E)(1), the domestic relations court is authorized to "make a distributive award to facilitate, effectuate, or supplement a division of marital property." The domestic relations court, however, has "broad discretion to determine whether a distributive award of a party's separate property is equitable and appropriate." *Swartz v. Swartz*, 110 Ohio App.3d 218, 223 (12th Dist.1996). The domestic relations court makes this determination based upon its consideration of the factors set forth in R.C. 3105.171(F). *Roetting v. Roetting*, 2016-Ohio-7435, ¶ 14 (12th Dist.). These factors include, but are not limited to, the duration of the marriage, the assets and liabilities of the parties, "[t]he desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage," and the liquidity of the property to be distributed. R.C. 3105.171(F)(1)-(4). This court will not disturb a domestic relations court's decision whether to make a distributive award absent an abuse of discretion. *Roetting v. Roetting*, 2015-Ohio-2461, ¶ 32 (12th

Dist.).

{¶ 18}   The domestic relations court's decision not to issue a distributive award to Wife in this case was not unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion. This holds true despite there being a clear disparity between that of Wife's and Husband's respective incomes given the significant financial support that Husband provided to Wife during these divorce proceedings, as well as Wife's inaction in failing to mitigate her own financial circumstances by not looking for gainful employment following her separation from Husband. The fact that Husband exited the marriage with more assets than Wife does not change this outcome. This is because, rather than marital property, most of those assets that Husband received following his divorce from Wife were deemed to be Husband's separate property.[3] "[A] spouse's separate property typically remains in his or her exclusive possession." *Sorrentino v. Louis*, 2024-Ohio-4957, ¶ 15 (12th Dist.). Again, to the extent Wife claims otherwise, such arguments lack merit.

{¶ 19}   In so holding, we note that Wife believes it would have been proper for the domestic relations court to grant her the "full interest in the marital home" as a distributive award under R.C. 3105.171(E)(1). However, pursuant to R.C. 3105.171(A)(1), a distributive award is specifically defined as "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, *that are made from separate property or income, and that are not made from marital property* . . . ." (Emphasis added.). Therefore, even if we were to find the domestic relations court abused its discretion by failing to issue Wife a distributive award in this case, which we do not, it

---

3. Separate property is defined by R.C. 3105.171(A)(6)(a)(ii) to include any real or personal property or interest in real or personal property that was acquired by one spouse before the marriage.

would have been wholly improper for the domestic relations court to grant Wife the "full interest in the marital home" as a distributive award under R.C. 3105.171(E)(1). This is because, rather than being made from Husband's separate property, such a distributive award would have been made from Husband's marital property. That being, Husband's equitable interest in the couple's marital home. Accordingly, finding no merit to Wife's argument raised herein, Wife's second assignment of error is also overruled.

**Wife's Assignment of Error No. 3:**

{¶ 20} THE TRIAL COURT ERRED BY FINDING THAT SIEMENS SAVINGS-ROLLOVER ACCOUNT TITLED IN HUSBAND'S NAME WAS HIS PREMARITAL SEPARATE PROPERTY.

{¶ 21} In her third assignment of error, Wife argues the domestic relations court erred by finding Husband had successfully traced his separate property interest in his retirement account, a Siemens Savings account, through the introduction of competent, credible evidence into the record. To support this claim, however, Wife does not in any way challenge the findings of Husband's expert witness and forensic accountant, Terry Yoho, who determined that 91.17% of the funds in that account were Husband's separate property. Wife merely claims that because Husband was unable to produce certain bank statements from 2002 through 2008 that this "requires the application of certain assumptions that were not supported by competent evidence." This includes, for example, Wife arguing that in the absence of those bank statements from the record that "[i]t is unknown whether funds were withdrawn from the retirement account during the period of the missing statement[s]. This unknown factor is fatal to the tracing process."

{¶ 22} Wife provides no authority to support such a contention, nor has this court

unearthed any case law that would necessitate such a result. This is particularly true in this case when considering the hundreds of other documents that Husband provided to Yoho to use when conducting her forensic accounting of Husband's finances. Husband had the burden of proof, by a preponderance of the evidence, to trace the funds in his retirement account as his separate property. *Williamson v. Williamson*, 2024-Ohio-1919, ¶ 28 (12th Dist.). This court reviews the domestic relations court's classification of property as separate under a manifest-weight-of-the-evidence standard. *Naiman v. Naiman*, 2025-Ohio-1589, ¶ 45 (12th Dist.). The domestic relations court's decision finding Husband had successfully traced his separate property interest in his retirement account was not against the manifest weight of the evidence. *Ohmer v. Renn-Ohmer*, 2013-Ohio-330, ¶ 36 (12th Dist.). Therefore, because we find no error in the domestic relations court's decision finding Husband had successfully traced his separate property interest in his retirement account, a Siemens Savings account, through the introduction of competent, credible evidence into the record, Wife's third assignment of error is likewise overruled.

**Wife's Assignment of Error No. 4:**

{¶ 23} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ISSUED A SUPPORT ORDER FOR ONE CHILD WHEN CHILD E.J.M. WAS 18 YEARS OF AGE BUT STILL ATTENDING HIGH SCHOOL.

{¶ 24} In her fourth assignment of error, Wife argues the trial court erred by failing to base its child support calculation on both children, S.R.M. and E.J.M., "due to the fact that both children were still attending high school." However, while there is no dispute that "the parental duty of support to children shall continue beyond the age of majority as long

as the child continuously attends on a full-time basis any recognized and accredited high school," R.C. 3103.03(B), the record makes clear that neither S.R.M. nor E.J.M. were continuously attending on a full-time basis any recognized and accredited high school.

{¶ 25} The record instead plainly establishes that both S.R.M. and E.J.M. have completed their senior level high school curriculum and are now enrolled in college where they are taking college classes for which they receive college credits. Therefore, because the record makes clear that neither S.R.M. nor E.J.M. were continuously attending on a full-time basis any recognized and accredited high school, Wife's argument alleging the domestic relations erred by failing to base its child support calculation on both children, S.R.M. and E.J.M, "due to the fact that both children were still attending high school," lacks merit. Accordingly, because we find no error in the domestic relations court's decision to base its child support calculation on just one of the parties' two children, S.R.M., despite the parties' other child, E.J.M., now emancipated, having not yet technically graduated from high school, Wife's fourth assignment of error is overruled.

## Conclusion

{¶ 26} For the reasons outlined above, and having now overruled Wife's four assignments of error, Wife's appeal from the divorce decree issued by the domestic relations court granting her a divorce from Husband is denied.

{¶ 27} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.

## __J U D G M E N T   E N T R Y__

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

s/ Matthew R. Byrne, Presiding Judge


/s/ Robin N. Piper, Judge


/s/ Mike Powell, Judge